HULL, Circuit Judge:
This appeal involves the value, for federal gift tax purposes, of the trans *1260 fer of minority shares of leased land by Petitioner J.C. Shepherd (“Shepherd”) to his two adult sons through a family partnership. After trial, the United States Tax Court held that the transfer was an indirect gift of undivided fractional shares of land and that the value of the gift to each son was $160,876. Upon review and oral argument, we affirm the Tax Court’s decision for the reasons explained in its opinion published at 115 T.C. 376, 2000 WL 1595698 (2000).[1]
Rather than repeating what the Tax Court has already stated, we build on its observations and comment only on two issues discussed by our esteemed dissenting colleague: (1) whether the gift was properly characterized as one of interests in land instead of shares of the family partnership, and (2) whether a 33.5 percent discount is inapplicable when valuing the land gifted in this case.
I. GIFT OF LAND
We agree with the Tax Court that the gift in this case was an indirect gift of land, and not partnership interests, for several reasons. First, the taxpayer himself initially reported the gift as one of land.[2] Shepherd’s 1991 gift tax return listed the gift as two undivided 25 percent interests in a “Leased Fee Estate” without assigning any discount amount. His first petition for review in the Tax Court also referred to the total gift as “an undivided one-half interest” in the acreage.
Second, and even more significantly, the Tax Court correctly interpreted the undisputed sequence of events here to conclude that Shepherd’s sons already held their partnership interests when their father’s deed of land became effective. Initially, Shepherd owned more than 9,000 acres of land subject to a long-term timber lease. On August 1, 1991, he executed an agreement intended to create the Shepherd Family Partnership, of which he would be the managing partner and 50 percent owner. Each son would have a 25 percent ownership interest. On August 1, Shepherd and his wife[3] also executed two deeds transferring 100 percent of their interest in the land to this partnership. Shepherd’s sons did not sign the partnership agreement until August 2.
As the Tax Court correctly observed, the Shepherd Family Partnership did not *1261 come into existence under Alabama law until August 2 when Shepherd’s sons signed the partnership agreement. See Ala.Code § 10-8-2 (1994) (recognizing only “association of two or more persons” as valid partnership). Until that signing, there could be no “donee capable of taking the gift” or “acceptance of the gift by the donee,” both of which must occur for a gift to be legally complete. Estate of Whitt v. Commissioner, 751 F.2d 1548, 1560-61 (11th Cir.1985). Thus, the deed of land to the partnership dated August 1 was not effective until after the partnership had sprung to life on August 2.
Because the creation of the partnership (and its interests) necessarily preceded the effectiveness of the deed, “[w]hatever interests [Shepherd’s] sons acquired in this property they obtained by virtue of their status as partners in the partnership.” 115 T.C. at 387. And gifts, to a partnership, like gifts to a corporation, are deemed to be indirect gifts to the stakeholders “to the extent of their proportionate interests” in the entity. See 26 C.F.R. § 25.2511-l(h)(l). Thus, instead of completing a gift of land to a preexisting partnership in which the sons were not partners and then establishing the partnership interests of his sons (which would result in a gift of a partnership interest), Shepherd created a partnership in which his sons held established shares[4] and then gave the partnership a taxable gift of land (making it an indirect gift of land to his sons).
Third, the dissent, while not disputing these facts, contends that (1) “Shepherd’s intent was to give his sons a partnership interest in family property,” (2) he simply “utilized fewer steps in his attempt to create his sons’ partnership interests” than if he had created a valid partnership with a second partner and then transferred the shares of the partnership to his sons, and (3) elevating form- over substance here would compel “the unnecessary resort to the advise of tax lawyers prior to effectuating a simple transaction.”
These- arguments ignore that Shepherd himself reported the gift as land and also misperceive the crucial import of facts in both tax planning and the adjudication of tax disputes. See Frank Lyon Co. v. United States, 435 U.S. 561, 576, 98 S.Ct. 1291, 55 L.Ed.2d 550 (1978) (“[A]s the Court has said in the past, a transaction must be given its effect in accord with what actually occurred and not in accord with what might have occurred.”); Don E. Williams Co. v. Commissioner, 429 U.S. 569, 579-80, 97 S.Ct. 850, 51 L.Ed.2d 48 (1977) (stating that “while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not, ... and may not enjoy the benefit of some other route he might have chosen to follow but did not” and finding that clear facts' prevented taxpayer’s recharacterization of the events for tax purposes and request to “indulge in speculating how the transaction might have been recast with a different tax result”) (quoting Commissioner v. National Alfalfa Dehydrating, 417 U.S. 134, 149, 94 S.Ct. 2129, 40 L.Ed.2d 717 (1974)).[5]
II. VALUATION
Once the Tax Court accurately determined that the gift at issue was one *1262 of land, it properly valued this property for federal gift tax purposes. First, the Tax Court correctly focused its valuation inquiry on the moment between Shepherd’s transfer of the land and his sons’ receipt of their interests because the gift tax is “measured by the value of the property passing from the donor.” Robinette v. Helvering, 318 U.S. 184, 186, 63 S.Ct. 540, 87 L.Ed. 700 (1943); 26 C.F.R. § 25.2511-2(a). This “in transit” valuation has been described as analyzing “the moment of truth, when the ownership of the [donor] ends and the ownership of the [donees] begins.” United States v. Land, 303 F.2d 170, 172 (5th Cir.1962).[6] “Brief as is the instant [of transfer], the court must pinpoint its valuation at this instant.” Id. See also Estate of Bright v. United States, 658 F.2d 999, 1002 (5th Cir.1981) (en banc) (noting valuation for estate tax purposes “to be made at the time of the transfer”).[7]
Second, applying this focus, the Tax Court correctly sought to “put [itself] in the position of a potential purchaser of the interest at that time” to find the fair market value. Land, 303 F.2d at 173. See also 26 C.F.R. § 20.2031-1(b) (defining value under the Internal Revenue Code as “the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of the relevant facts”). Based on testimony from one of Shepherd’s experts, the Tax Court applied a 15 percent valuation discount to the gift because of characteristics of the undivided fractional interests in land — the lack of complete control over the parcel, the risk of disagreement about disposition of the land and the possibility of partition of the land.[8]
Despite the urgings of both Shepherd and the dissent, the Tax Court properly did not seek to value the land by reference to the sons’ ownership of the land through the partnership after transfer. To do so would have ignored the fact that the gift tax is not imposed on “what the donee receives.” 115 T.C. at 385. Thus, the value of an indirect gift of a land interest does not depend on how the donee receives it, whether it is held in a partnership, fee simple, a corporate escrow account, a trust or any other method for holding property used by a donee. See Land, 303 F.2d at 172 (“It is a fallacy ... to argue value before or after [the transfer] on the notion that valuation must be determined by the value either of the interest that ceases or of the interest that begins.... [T]he value of the interest before or after death is pertinent only as it serves to indicate the value at [trans *1263 fer] ,”).[9] See also Estate of Watts v. Commissioner, 823 F.2d 483, 486 (11th Cir.1987) (noting that “the property to be valued ... is that which the [donor] actually transfers ... rather than the interest held by the [donor], or that held by the [do-nee]”); Bright, 658 F.2d at 1006 (rejecting factoring identity of parties into valuation methodology because “[i]t would be strange indeed if the estate tax value of a block of stock would vary depending upon the legatee to whom it was devised”).[10]
Although this calculation is necessarily hypothetical and often fact-intensive, it is not so difficult that the in-transit test “must give way to a more practical test to determine valuation” in this case, as the dissent urges. To do so would be to abandon this Court’s carefully crafted taxation case law. Simply put, a potential purehaser of the land interest at the moment of transfer, with all relevant knowledge about the property in transit, would not be impacted by the happenstance that the recipients here were receiving it through a partnership.[11]
Finally, the Tax Court correctly held that a stipulation regarding an automatic 33.5 percent discount on the value of Shepherd’s gift did not apply. Prior to trial, the parties entered into the following stipulation regarding the sons’ minority partnership interests:
The parties agree that the correct minority and marketability discount for a 25 percent interest in the Shepherd Family partnership is 33.5 percent. This agreement relates only if the value of the gift(s) to the sons is measured by *1264 the sons’ interests in the partnership rather than the value of the property gifted by the petitioner.
We believe, as did the Tax Court, that this stipulation does not provide an automatic 33.5 percent discount for a gift of a 25 percent undivided interest in land. By its own terms, the stipulation only sets forth a discount “for a 25 percent interest in the Shepherd Family partnership.” (emphasis added) The second sentence of the stipulation further clarifies that it is only applicable if Shepherd’s gifts are “measured by the sons’ interests in the partnership,” which under our precedents is not the proper reference point for valuing a gift of land. The dissent’s argument to the contrary is inconsistent with our Court’s insistence that the identity or circumstances of the donee do not impact the value of the gift in transit.
III. CONCLUSION
Thus, we affirm the Tax Court’s decision for the reasons stated in its decision. As discussed herein, we believe the Tax Court properly found that (1) Shepherd’s gift was an indirect gift of land to his sons, and (2) only characteristics of that gift, and not the donee’s method of receiving the gift or the stipulated partnership interest discount, were relevant to discounting the value of the gift of land.
AFFIRMED.

. We review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury.” Pugh v. Commissioner, 213 F.3d 1324, 1325 (11th Cir.2000) (quoting 26 U.S.C. § 7482(a)(1)). Thus, we review the legal conclusions here de novo. Davis v. Commissioner, 210 F.3d 1346, 1347 (11th Cir.2000). The Tax Court seeks to follow the law of the circuit to which an appeal may be taken from its decisions. Golsen v. Commissioner, 54 T.C. 742, 756-57, 1970 WL 2191 (1970), aff'd, 445 F.2d 985 (10th Cir.1971). See also 26 U.S.C. § 7482(b) (describing venue for review of Tax Court decisions).

. It is not asserted on appeal that Shepherd made a direct gift of land to his sons. Indirect transfers, however, can also be taxable gifts. See 26 U.S.C. § 2511(a) (instructing gift tax applies "whether the gift is direct or indirect”); Dickman v. Commissioner, 690 F.2d 812, 814-15 (11th Cir.1982), aff'd, 465 U.S. 330, 104 S.Ct. 1086, 79 L.Ed.2d 343 (1984) (quoting 26 C.F.R. § 25.2511-1(c) regarding taxation of gifts "regardless of the means or device employed”).

.Shepherd’s wife participated in this transaction as a matter of custom under Alabama law in order to eliminate any claim of spousal benefits. It is not definitively asserted that she had an interest of land to give, but her role is not central to the resolution of this case.

. Because the partnership did not hold any appreciable assets until after formation, no party argues that the initial inclusion of Shepherd's sons as partners by itself had any gift tax consequences.

. The cases cited by the dissent are not to the contrary. While the Commissioner, and in some cases the taxpayer, may argue that the form a transaction did take does not always determine its tax effects (such as in cases *1262 involving sham transactions or indirect transfers), a taxpayer who has taken a concrete coarse of action may not avoid taxation simply by asserting that he did not take that action or intend to take that action.

. In Bonner v. City of Prichard, this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir.1981) (enbanc).

. Although these cases involve the estate tax, the "federal estate tax and the federal gift tax ... are construed in pari materia, since the purpose of the gift tax is to complement the estate tax by preventing tax-free depletion of the transferor’s estate during his lifetime.” Harris v. Commissioner, 340 U.S. 106, 107, 71 S.Ct. 181, 95 L.Ed. 111 (1950).

.We note that on appeal Shepherd only raises the legal issue of what factors are relevant to this calculation and does not contest the factual findings by the Tax Court that led to the computation of the 15 percent discount.

.The dissent’s discussion of Land is not to the contrary. Land involved the transfer of property at the time of death. The Court stated that:
value looks ahead. To find the fair market value of a property interest at the decedent's death we put ourselves in the position of a potential purchaser of the interest at that time.... A potential buyer focuses on the value the property has in the present or will have in the future.
303 F.2d at 173. Here, the Tax Court conducted precisely this analysis. It valued the relevant property — the undivided, fractional interests in a parcel of land — at the moment of transfer, discounting their value because of future events that could impact the value of the land (partition, inability to sell, lack of control), not because future events related to who was receiving it and how they happened to hold it.
The dissent also suggests that our decision runs contrary to Kincaid v. United States, in which a reference was made to enhancement of a donee's stock value. 682 F.2d 1220, 1226 (5th Cir.1982). In Kincaid, however, the new Fifth Circuit properly valued the indirect gift at issue there by focusing on the fair market value of the land transferred by the donor less the value of consideration received. Id. at 1224.

. The dissent contends that valuation of the gift here can be calculated accurately "Regardless of whether the gifts are characterized as indirect gifts of real estate ... or gifts of partnership interests or enhancements thereto.” Under the precedents cited here and the gift tax statute itself, however, it is obvious that identification of the object to be taxed is fundamental to selecting the proper valuation perspective and assessing the authorized tax. See 26 U.S.C. § 2501 (assessing tax on "transfer of property by gift”) (emphasis added).

. This case also involved a gift of stock in three banks by Shepherd to his sons through the family partnership. On appeal, neither party contests the Tax Court’s resolution of the tax owed on the bank stock gifts. However, it is telling that although Shepherd’s gifts of bank shares were transferred to his sons using essentially the same structure as that for the land interests, Shepherd declared a 15 percent minority interest discount related to the bank shares themselves but did not seek to have them discounted for any factors related to their being held through the family partnership.