**Albert I. SAID; Georgette H. Said, Petitioners—Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.**

No. 03–74445.
IRS No. 11202–01.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 25, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Albert I. Said, Moreno Valley, CA, pro se.

Georgette H. Said, Moreno Valley, CA, pro se.

Charles S. Casazza, Washington, DC, Respondent–Appellee.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Taxpayers Albert I. and Georgette H. Said appeal pro se the Tax Court's decision finding income tax deficiencies for the years 1993, 1994, and 1995, and holding Mr. Said liable for penalties for all three years under I.R.C. § 6663(a). We have jurisdiction under 26 U.S.C. § 7482(a). We review the Tax Court's decision to enforce a stipulation of facts for an abuse of discretion, and we review the Tax Court's findings of fact for clear error. *Bail Bonds by Marvin Nelson, Inc. v. C.I.R.*, 820 F.2d 1543, 1547–48 (9th Cir. 1987). We affirm.

We reject the Saids' contention that they should be relieved of their written stipulation of facts because they did not raise any objections to the stipulation at trial and enforcement would not result in a manifest injustice. *See* Tax Ct. R. 91(d)-(e) (requiring objections to be made in the stipulation or at trial and stating that stipulations are binding except in cases where "justice so requires"); *Bail Bonds*, 820 F.2d at 1547 (holding stipulation generally enforced unless manifest injustice would result).

The Tax Court did not err in disallowing the Saids' deductions above and beyond those conceded by Respondent because Mr. Said presented only his vague and generalized testimony at trial, and the calculations in his post-trial briefing were not supported by evidence in the record. *See Boyd Gaming Corp. v. C.I.R.*, 177 F.3d 1096, 1098 (9th Cir.1999) (taxpayer must produce sufficient evidence to show entitlement to a claimed deduction).

■ We agree with the Tax Court that Mr. Said is liable for the penalty under I.R.C. § 6663(a) because the underpayment of his tax liabilities was attributable to fraud. *See Bradford v. C.I.R.*, 796 F.2d 303, 307 (9th Cir.1986) (holding that fraud may be inferred from circumstantial evidence, including such "badges of fraud" as understatement of income, inadequate records, and failure to cooperate with tax authorities).

The Saids' remaining contentions lack merit.

AFFIRMED.