T.C. Memo. 2006-11

UNITED STATES TAX COURT

MICHAEL W. ALLEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20970-03.                    Filed January 25, 2006.

Michael W. Allen, pro se.

<u>David L. Zoss</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  Respondent determined deficiencies and
penalties with respect to petitioner's income taxes for 1999,
2000, and 2001 (the years at issue).  For 1999, respondent
determined a $12,769.70 deficiency and determined petitioner was
liable for a $2,273.94 accuracy-related penalty under section
6662.[1]  For 2000, respondent determined a $9,503 deficiency and

_____

[1]All section references are to the Internal Revenue Code in
effect for the years at issue, and all Rule references are to the
                                        (continued...)

determined petitioner was liable for a $1,900.60 accuracy-related penalty under section 6662.  For 2001, respondent determined a deficiency of $20,812.00 and determined petitioner was liable for a $4,162.40 accuracy-related penalty under section 6662.

There are four issues for decision.  The first issue is whether compensation petitioner received from an American Indian tribe during the years at issue is taxable to him.  We hold that it is.  The second issue is whether petitioner may reduce his income by $69,916 for 2001.  We hold that he may not.  The third issue is whether petitioner is entitled to deductions beyond those reported on his returns for the years at issue.  We hold that he is not.  The fourth issue is whether petitioner is liable for the accuracy-related penalty under section 6662 for the years at issue.  We hold that he is.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference.  Petitioner resided in Lac Du Flambeau, Wisconsin, at the time he filed the petition.

Petitioner's Income During the Years at Issue

Petitioner is an enrolled member of the Lac Du Flambeau Band, a federally recognized American Indian tribe (the tribe). The leadership of the tribe consists of an elected tribal council.  Petitioner served as vice chairman of the tribal

---

[1](...continued)
Tax Court Rules of Practice and Procedure, unless otherwise indicated.

council during the years at issue.[2]  He earned compensation for his services as an elected tribal council member of $33,775 in 1999, $31,118 in 2000, and $36,337 in 2001.  The tribe also paid petitioner $2,700 of other income in 1999 and $1,500 of other income in 2000.

Petitioner was also a board member of Simpson Electric Co. (Simpson), an electric company owned and operated by the tribe. The tribe paid petitioner $8,000 in 2001 for attending Simpson board meetings.

Petitioner also served as executive director of the Great Lakes Intertribal Council, Inc. (GLITC), a nonprofit corporation, during the years at issue.  GLITC paid petitioner weekly compensation.

Petitioner received distributions from two IRAs during the years at issue, one in 1999 and the other in 2001.

Petitioner's Income Tax Returns During the Years at Issue

Petitioner did not report his compensation for serving as vice chairman of the tribal council on his income tax returns for 1999 and 2000, nor the IRA distributions he received in 1999 and 2001.  On his return for 2001, petitioner made an unexplained adjustment that reduced his income by $69,916.

Petitioner did report, however, his compensation from GLITC on his return for each year at issue.  He also reported the other income he received from the tribe on his returns for 1999 and

---

[2]Petitioner also served as the tribal vice president from October 2000 through October 2004.

2000, and he reported his compensation from the tribe for serving on the tribal council and the Simpson board on his return for 2001. Petitioner reported tax due of $11,392 for 1999, $13,101 for 2000 and $8,643 for 2001.

Respondent's Examination and the Petition

Respondent examined petitioner's returns for the years at issue and issued petitioner a notice of deficiency (deficiency notice) dated September 18, 2003. In the deficiency notice, respondent determined that the compensation petitioner received from the tribe for serving as an elected tribal council member was taxable income for 1999 and 2000, that the IRA distributions were includable in gross income for 1999 and 2001, that petitioner was not entitled to a $69,916 adjustment in 2001, and that petitioner was liable for the accuracy-related penalty.

Petitioner timely filed a petition for review with this Court.

OPINION

Petitioner asserts that the income he received from both GLITC and the tribe during the years at issue is exempt from taxation,[3] that he is entitled to deductions beyond those claimed on his returns for the years at issue, and that he is not liable

---

[3]Although petitioner reported his compensation from GLITC for all the years at issue and for serving on the Simpson board and the tribal council in 2001 on his returns for the relevant years, petitioner now contends that these items are exempt from taxation. A taxpayer's characterization of an item on his or her income tax return may be considered an admission against the taxpayer's interest. Times Tribune Co. v. Commissioner, 20 T.C. 449, 452 (1953); Doll v. Commissioner, T.C. Memo. 2005-269.

for the accuracy-related penalty.[4]  We address each issue in turn, after first considering the burden of proof.

I.   Burden of Proof

Petitioner generally has the burden of proof.  See Rule 142(a).  Petitioner asserted for the first time in his reply brief that the burden of proof should be shifted to respondent.  Section 7491 applies to this case because the examination of petitioner's income tax returns for the years at issue began after the statute's effective date, but petitioner failed to substantiate the claimed expenses and failed to maintain adequate records.[5]  Accordingly, petitioner does not meet the requirements

---

[4]Petitioner also asserts for the first time in his post-trial brief that he used an IRA distribution he received in 1999 to finance a first-time home purchase.  Petitioner stipulated before trial, however, that he had not reached age 59-1/2 when he received either IRA distribution, that neither IRA distribution was received on account of death, disability, medical expenses, higher education expenses, or to finance a first-time home purchase, and that both IRA distributions were taxable.  A stipulation of fact is binding on the parties and is treated as a conclusive admission.  Rule 91(e).  The Court will not permit a party to a stipulation to qualify, change, or contradict the stipulation except where justice requires.  Id.  Petitioner did not ask to be relieved from the stipulations or present grounds that he should not be bound to his admission.  See id.; Israel v. Commissioner, T.C. Memo. 2003-338; Said v. Commissioner, T.C. Memo. 2003-148, affd. 112 Fed. Appx. 608 (9th Cir. 2004).  We conclude that the stipulations are binding, and, accordingly, we need not further consider petitioner's assertions regarding his IRA distributions.

[5]Sec. 7491(a) shifts the burden of proof to the Commissioner under certain circumstances if the taxpayer introduces credible evidence and satisfies the necessary substantiation and documentation requirements.  Sec. 7491 is effective with respect to court proceedings arising in connection with examinations by the Commissioner commencing after July 22, 1998, the date of enactment of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(a), 112 Stat. 726.

to shift the burden of proof under section 7491(a), and the burden therefore remains with petitioner.

II.  Taxability of Payments Petitioner Received From the Tribe

Respondent determined that the amounts petitioner received as compensation for his services as an elected official of the tribal council are subject to Federal income tax.  Petitioner contends that these amounts are exempt from tax.[6]

It is well established that Native Americans, or American Indians, as U.S. citizens, are subject to the Federal income tax unless an exemption is created by treaty or statute.  Squire v. Capoeman, 351 U.S. 1, 6 (1956), Estate of Poletti v. Commissioner, 99 T.C. 554, 557-558 (1992), affd. 34 F.3d 742 (9th Cir. 1994).  For such an exemption to be valid, it must be based upon clearly expressed language in a statute or treaty.  Squire v. Capoeman, supra; United States v. Anderson, 625 F.2d 910, 913 (9th Cir. 1980); Estate of Peterson v. Commissioner, 90 T.C. 249, 250 (1988).  While citing numerous treaties and statutes, petitioner has pointed to no provision that would exempt the compensation he received.

We address the major arguments that petitioner raises, none of which we find exempts the compensation petitioner received.

---

[6]We have treated petitioner as admitting that his compensation from GLITC and Simpson is taxable.  Petitioner has not introduced any evidence with regard to this compensation to overcome his admission.  See Doll v. Commissioner, supra.  The analysis of the taxability of these payments is the same as that relating to petitioner's compensation for his services on the tribal council.

First, petitioner argues that his income is "exempt function income" within the meaning of section 527(c)(3) and is therefore not taxable to him. Section 527 taxes political organizations on their political organization taxable income. Sec. 527(a) and (b)(1). Political organization taxable income does not include exempt function income. Sec. 527(c)(1)(A). Petitioner is not a political organization. Accordingly, section 527(c)(3) does not exempt his income from taxation.

Petitioner also argues that his income is derived from a fishing-rights-related activity through a qualified Indian entity and is therefore exempt. Sec. 7873. Section 7873 does provide a tax exemption for income derived from a fishing-rights-related activity by a member of an Indian tribe directly or through a qualified Indian entity. Petitioner has not introduced any evidence, however, to establish that the requirements of this section were met during the years at issue. Specifically, petitioner did not show that his income was attributable to any fishing-rights-related activity nor received from an entity that satisfied the ownership, gross receipts, and management tests to meet the definition of a qualified Indian entity. See sec. 7873(b)(3). Accordingly, petitioner has not proven that this section applies to his compensation, and he may not rely on it to exclude any of his income from taxation.

Petitioner also argues that his income is not taxable under Rev. Rul. 59-354, 1959-2 C.B. 24. Rev. Rul. 59-354, supra, excludes compensation for the duties performed by elected tribal

council members from the definition of "wages" for the purposes of FICA, FUTA, and income tax withholding. Petitioner misconstrues the revenue ruling and its relevance. The revenue ruling does not exempt petitioner's income from tax. See <u>Allen v. Commissioner</u>, T.C. Memo. 2005-118; <u>Doxtator v. Commissioner</u>, T.C. Memo. 2005-113.

A tribal official, whether elected or appointed, is subject to income tax on the compensation received for rendering services to the tribe unless a treaty or statute specifically provides an exemption. See <u>Hoptowit v. Commissioner</u>, 78 T.C. 137, 145-148 (1982), affd. 709 F.2d 564 (9th Cir. 1983); <u>Jourdain v. Commissioner</u>, 71 T.C. 980, 986-987 (1979), affd. 617 F.2d 507 (8th Cir. 1980). Petitioner has not shown that either a treaty or a statute specifically exempts any of his compensation. Accordingly, we sustain respondent's determination that the compensation petitioner received is subject to tax.

III. <u>Petitioner's Unexplained 2001 Adjustment</u>

Petitioner claimed an unexplained adjustment to gross income of $69,916 on his return for 2001. Petitioner did not provide any evidence concerning this adjustment. This amount does not correspond to any items of income he reported on his return for 2001, and it is unclear from the record how petitioner arrived at this amount. Presumably petitioner adjusted his gross income to subtract the income he believed was not taxable. As explained previously, payments that petitioner received from the tribe and other entities are taxable because no explicit statutory

exemption applies.  See <u>Hoptowit v. Commissioner</u>, <u>supra</u> at 145-148; <u>Jourdain v. Commissioner</u>, <u>supra</u>.  Moreover, petitioner has introduced no evidence to prove this adjustment was appropriate. Accordingly, we sustain respondent's disallowance of this adjustment.

IV.  <u>Additional Deductions</u>

Petitioner claims on brief, despite not having any documents to substantiate his expenses, that he is entitled to certain deductions beyond those he originally reported on his returns for the years at issue.  For example, petitioner claims he lives in an empowerment zone and/or an enterprise community and is therefore entitled to additional or increased deductions, such as increased depreciation deductions.  Petitioner also claims that he is entitled to deduct certain expenses, such as depreciation, insurance, mileage on his car, house expenses, office expenses, and miscellaneous expenses for items such as clothing and cleaning, and personal deductions.  We are thus asked to decide whether petitioner is entitled to deductions in excess of those reported on his returns.

We begin with two fundamental principles of tax litigation. First, as a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that these determinations are erroneous.[7]  Rule 142(a); see

---

[7]This principle is not affected by sec. 7491(a), because, as described previously, petitioner failed to substantiate claimed expenses and failed to maintain required records.  See sec. 7491(a)(2)(A) and (B).  Accordingly, the burden of proof remains
(continued...)

INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Second, deductions are a matter of legislative grace, and the taxpayer must show that he or she is entitled to any deduction claimed. Rule 142(a); Deputy v. duPont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra. This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish he or she is entitled to the deductions. Sec. 6001; Hradesky v. Commissioner, supra. A taxpayer shall keep such permanent records or books of account as are sufficient to establish the amount of deductions claimed on the return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. The Court need not accept a taxpayer's self-serving testimony when the taxpayer fails to present corroborative evidence. Beam v. Commissioner, T.C. Memo. 1990-304 (citing Tokarski v. Commissioner, 87 T.C. 74,77 (1986)), affd. without published opinion 956 F.2d 1166 (9th Cir. 1992).

If a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount of the deduction, this Court may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose

---

[7](...continued)
with petitioner.

inexactitude is of his or her own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  For the Cohan rule to apply, however, a basis must exist on which this Court can make an approximation.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Certain business expenses may not be estimated because of the strict substantiation requirements of section 274(d).  See sec. 280F(d)(4)(A); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).  For such expenses, only documentary evidence will suffice.

We now address whether petitioner is allowed to deduct any amounts beyond those he reported on his returns.  We find that he may not.  Petitioner has not introduced evidence to substantiate the additional deductions he claims.  He has simply stated in his brief that he is entitled to these deductions.  Statements in briefs and exhibits attached to briefs are not evidence.[8]  See Rule 143(b); Shepherd v. Commissioner, 115 T.C. 376, 399 n.22 (2000), affd. 283 F.3d 1258 (11th Cir. 2002).  As petitioner has introduced no evidence regarding these claimed deductions, we cannot estimate the amounts of the deductions under the Cohan rule.  See Cohan v. Commissioner, supra.  Accordingly, petitioner

---

[8]In his reply brief, petitioner also requests additional time to supply information regarding the lease of equipment. Evidence pertaining to petitioner's claims should have been introduced at trial.  See Rule 143.  Petitioner may not introduce any further evidence.  See id.

is not entitled to deduct any expenses beyond those originally reported on his returns for the years at issue.

V.   Accuracy-Related Penalty

We turn now to respondent's determination in the deficiency notice that petitioner is liable for the accuracy-related penalty under section 6662 for each of the years at issue.  Respondent has the burden of production under section 7491(c) and must come forward with sufficient evidence that it is appropriate to impose the penalty.  See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

A taxpayer is liable for an accuracy-related penalty in the amount of 20 percent of any part of an underpayment attributable to, among other things, a substantial understatement of income tax.  There is a substantial understatement of income tax under section 6662(b)(2) if the amount of the understatement exceeds the greater of either 10 percent of the tax required to be shown on the return, or $5,000.  Sec. 6662(a), (b)(1) and (2), (d)(1)(A); sec. 1.6662-4(a), Income Tax Regs.  Respondent has met his burden of production with respect to petitioner's substantial understatement of income tax for the years at issue.[9]  The following table demonstrates that petitioner understated his income tax for each year at issue in an amount greater than

_____

[9]Respondent determined in the alternative that petitioner was liable for the accuracy-related penalty for negligence or disregard of rules or regulations under sec. 6662(b)(1) for the years at issue.  Because respondent has proven that petitioner substantially understated his income tax for the years at issue, we need not consider whether petitioner was negligent or disregarded rules or regulations.

$5,000 or 10 percent of the tax required to be shown on his return.

| Year | Tax Reported | Required Tax | Understatement |
|------|-------------|--------------|----------------|
| 1999 | $11,392 | $24,161 | $12,769 |
| 2000 | 13,101 | 22,604 | 9,503 |
| 2001 | 8,643 | 29,455 | 20,812 |

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment, however, if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. Sec. 6664(c)(1); sec. 1.6664-4(b), Income Tax Regs. The determination of whether a taxpayer acted with reasonable cause and good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances, including the taxpayer's efforts to assess his or her proper tax liability and the knowledge and experience of the taxpayer. Sec. 1.6664-4(b)(1), Income Tax Regs.

While the Commissioner bears the burden of production under section 7491(c), the taxpayer bears the burden of proof with respect to reasonable cause. Higbee v. Commissioner, supra at 446.

Petitioner failed to report his income from the tribe for his services as a tribal council member in 1999 and 2000, claimed an unexplained adjustment to gross income in 2001, and failed to substantiate deductions he claimed on brief. Petitioner also failed to present any evidence showing that his substantial

understatement for each of the years at issue was due to reasonable cause and that he acted in good faith.[10]

Accordingly, we sustain respondent's determination that petitioner is liable for the accuracy-related penalty under section 6662(b)(2) for each of the years at issue.

We have considered all remaining arguments the parties made and, to the extent not addressed, we find them to be irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[10]Petitioner argues that the complexity of issues in this case gave him reasonable cause for his substantial understatements. See <u>Dillin v. Commissioner</u>, 56 T.C. 228, 248 (1971). We disagree. There is no uncertainty as to petitioner's legal obligation here. See, e.g., <u>Pessin v. Commissioner</u>, 59 T.C. 473, 489 (1972); <u>Rosanova v. Commissioner</u>, T.C. Memo. 1985-306; <u>Grant v. Commissioner</u>, T.C. Memo. 1980-242.