T.C. Memo. 2013-50

UNITED STATES TAX COURT

ESTATE OF DOROTHY BROWN, DECEASED, SUSAN LEWIS, PERSONAL
REPRESENTATIVE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26469-11.                          Filed February 14, 2013.

Robert Edwin Forrest, for petitioner.

John W. Stevens, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before us on petitioner's motion for summary

judgment.[1]  We shall deny petitioner's motion.

_____

[1]Petitioner filed a memorandum of law in support of petitioner's motion for
summary judgment.  (We shall refer collectively to petitioner's motion for summary
judgment and petitioner's memorandum of law as petitioner's motion.)  Respondent
filed a response to petitioner's motion, and petitioner filed a reply to that response.

[*2]                                    Background

The record before us for purposes of petitioner's motion (record) establishes and/or the parties do not dispute the following.

Dorothy S. Brown (decedent), who died on December 7, 2007, was a resident of Florida at the time of her death. Susan Lewis (Ms. Lewis), the personal representative of decedent's estate and decedent's daughter, resided in Michigan at the time she ratified the petition in this case.[2]

Decedent had two granddaughters, Elaine Karen Lipschutz (Ms. Lipschutz) and Julie Ellen Winkelman (Ms. Winkelman). At all relevant times, Ms. Lipschutz was the beneficiary of a trust known as the Elaine Karen (Lewis) Lipschutz Irrevocable Living Trust (Lipschutz Trust), and Ms. Winkelman was the beneficiary of a trust known as the Julie Ellen (Lewis) Winkelman Irrevocable Living Trust (Winkelman Trust).

On January 1, 2004, decedent, as trustee of a trust known as the Peter D. Brown Marital Trust (Marital Trust), made the following two transfers (January 1, 2004 transfers): (1) a transfer of a 20-percent income interest in a limited liability company known as BLW Investment Co., LLC (BLW), to the Lipschutz Trust and

---

[2]Ms. Lewis was not appointed as the personal representative of decedent's estate until after the petition was filed. After her appointment, Ms. Lewis ratified the petition by filing an amendment thereto.

**[*3]** (2) a transfer of a 20-percent income interest in BLW to the Winkelman Trust. In exchange for each of those income interests, decedent, as trustee of the Marital Trust, received a 10-year promissory note (note or collectively notes) in the face amount of $1,875,000 from each of the Lipschutz Trust and the Winkelman Trust.[3]

On or about April 11, 2005, decedent, as trustee of the Marital Trust, filed Form 1041, U.S. Income Tax Return for Estates and Trusts, for that trust for its taxable year 2004. Decedent attached to that return Form 6252, Installment Sale Income (2004 Form 6252), with respect to each of the January 1, 2004 transfers. In the respective 2004 Forms 6252, decedent reported the January 1, 2004 transfers as related-party installment sales to the Lipschutz Trust and the Winkelman Trust, respectively.

On January 4, 2004, decedent, as trustee of a trust known as the Dorothy S. Brown Living Trust (Living Trust), made the following two transfers (January 4, 2004 transfers): (1) a transfer of a 2.9-percent membership interest in BLW to the Lipschutz Trust and (2) a transfer of a 2.9-percent membership interest in BLW to the Winkelman Trust. Decedent, as trustee of the Living Trust, received nothing

---

[3]At a time not established by the record, an appraisal was made of BLW. Thereafter, the face amount of each of the notes was reduced to $1,586,207.

[*4] in return for those respective transfers from the Lipschutz Trust and the Winkelman Trust.

On or about October 17, 2005, decedent filed Form 709, United States Gift (and Generation-Skipping Transfer) Tax Return (gift tax return), for her taxable year 2004 (2004 gift tax return).  In that return, decedent reported only each of the January 4, 2004 transfers to the Lipschutz Trust and the Winkelman Trust as a gift of property valued at $230,000.

Before the transfer (described below) to Woodland Ridge MHC (Woodland Ridge), a partnership that held a mobile home park, the following persons held the interests in Woodland Ridge shown below:

| Person | Capital Interest (percent) | Profits Interest (percent) |
|---|---|---|
| Lipschutz Trust | 49 | 37.5 |
| Winkelman Trust | 49 | 37.5 |
| A. Bart Lewis[1] Revocable Living Trust | --- | 23 |
| The Lenox Group[2] | 2 | 2 |

[1]A. Bart Lewis (Mr. Lewis) is the husband of Ms. Lewis and the father of Ms. Lipschutz and Ms. Winkelman.  (We shall sometimes refer collectively to Mr. Lewis, Ms. Lewis, Ms. Lipschutz, and Ms. Winkelman as the Lewis family.)
[2]The Lenox Group is a limited liability company that is wholly owned by Ken Thompson (Mr. Thompson).  Mr. Thompson is not related to decedent or to the Lewis family.

**[*5]** On or about December 1, 2006, decedent, as trustee of the Living Trust, made a transfer (December 1, 2006 transfer) of $2,500,000 to Woodland Ridge. In exchange for that transfer, decedent, as trustee of the Living Trust, received a 25-percent capital interest and a 25-percent profits interest in Woodland Ridge.

Decedent did not file a gift tax return for her taxable year 2006.

At a time not established by the record after decedent's death, Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, was filed on behalf of decedent's estate. The 25-percent capital interest and the 25-percent profits interest in Woodland Ridge that decedent, as trustee of the Living Trust, had received in exchange for the December 1, 2006 transfer were reported in that return as having had no value on the date of decedent's death.

On or about October 10, 2008, a gift tax return was filed on behalf of decedent for her taxable year 2007. Taxable gifts totaling $30,000 were reported, and a Federal gift tax (gift tax) liability of $7,380 was shown, in that return.

On August 25, 2011, respondent issued a notice of deficiency (notice) with respect to decedent's taxable years 2004, 2006, and 2007. In that notice, respondent determined deficiencies of $758,448, $1,150,000, and $720 in decedent's gift tax for her taxable years 2004, 2006, and 2007, respectively.

[*6]  In support of the gift tax deficiency for decedent's taxable year 2004 that respondent determined in the notice, respondent made the following determinations with respect to the January 1, 2004 transfers:

> It is determined that the taxpayer made additional unreported taxable gifts during the 2004 taxable year by selling her QTIP qualifying income interest [i.e., the respective 20-percent income interests in BLW that decedent transferred to the Lipschutz Trust and the Winkelman Trust] for less than full and adequate consideration. The [total] value of the QTIP interest is determined to be $4,459,224. The [total] consideration [i.e., the notes] received * * * [in exchange for that interest] is determined to be $3,172,414. The amount of each gift equals the value of the property transferred less the consideration received. Accordingly, taxable gifts are increased $1,286,810.

In support of the gift tax deficiency for decedent's taxable year 2006 that respondent determined in the notice, respondent made the following determinations with respect to the December 1, 2006 transfer:

> It is determined that under IRC Section 2511 donor's [i.e., decedent's] transfer of cash to the Woodland Ridge Limited Partnership on December 1, 2006, followed by the transfer of 25% of the partnership interests to the donor, is in substance an indirect gift of the assets transferred by the donor to the Woodland Ridge Limited Partnership to the other partners[4] to the extent of the proportionate interests in the Woodland Ridge Limited Partnership. Accordingly, taxable gifts are increased $2,500,000.00

---

[4]As discussed above, the other partners of Woodland Ridge were the Lipschutz Trust, the Winkelman Trust, the A. Bart Lewis Revocable Living Trust, and the Lenox Group.

[*7]   In computing the donor's gift tax liability for the calendar year 2006, it is determined that the total amount of the donor's taxable gifts for preceding periods is $2,838,962.  Accordingly, the gift tax liability for the year 2006 is increased $1,150,000.

In support of the gift tax deficiency for decedent's taxable year 2007 that respondent determined in the notice, respondent made the following determination with respect to decedent's taxable year 2007:  "In computing the donor's [i.e., decedent's] gift tax liability for the calendar year 2007, it is determined that the total amount of the donor's taxable gifts for preceding periods is $5,338,962. Accordingly, the gift tax liability for the year 2007 is increased $720."

### Discussion

We may grant summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b);[5] Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  The moving party bears the burden of proving that there is no genuine dispute of material fact, and factual inferences are viewed in the light most favorable to the nonmoving party.  Sundstrand Corp. v. Commissioner, 98 T.C. at 520.  However, the party opposing summary judgment must set forth

---

[5]All Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years at issue.

**[\*8]** specific facts that show a genuine dispute of material fact exists and may not rely merely on allegations or denials in the pleadings. Rule 121(d).

In petitioner's motion, petitioner asks us to grant summary judgment in petitioner's favor with respect to the following issues: (1) Is respondent barred by the applicable statute of limitations from assessing and collecting any gift tax of decedent that is attributable to the January 1, 2004 transfers and the December 1, 2006 transfer (statute of limitations issue)?[6] (2) Did decedent make any taxable gifts during her taxable year 2004 (other than the gifts that she reported in the 2004 gift tax return that she filed) and her taxable year 2006 (gift tax issue)? Petitioner maintains that there is no genuine dispute of material fact in resolving those issues and that petitioner is entitled as a matter of law to summary adjudication on those issues. Respondent disagrees.

We turn first to the statute of limitations issue that petitioner raises in petitioner's motion. As pertinent here, section 6501(a) prescribes a period of three years after a gift tax return[7] is filed within which the Commissioner of Internal

---

[6]The parties do not dispute that the gift tax deficiency that respondent determined in the notice with respect to decedent's taxable year 2007 resulted from a computational adjustment attributable to the determinations that respondent made in the notice with respect to decedent's taxable years 2004 and 2006.

[7]For purposes of sec. 6501, as pertinent here, the term "return" means the gift tax return required to be filed by the taxpayer. Sec. 6501(a).

[*9] Revenue (Commissioner) generally may assess any gift tax imposed by the Code.  In the case of failure to file a gift tax return, the Commissioner may assess at any time any gift tax imposed by the Code.  Sec. 6501(c)(3).  The Commissioner generally may also assess at any time any gift tax imposed by the Code on any gift of property the value of which is required to be shown in a gift tax return and which is not shown in such a return.  Sec. 6501(c)(9).  The general rule of section 6501(c)(9) "shall not apply to any item which is disclosed in such [gift tax] return, or in a statement attached to the [gift tax] return, in a manner adequate to apprise the Secretary of the nature of such item."[8]  Id.

In order to resolve the statute of limitations issue raised in petitioner's motion, we must determine, inter alia, (1) whether the January 1, 2004 transfers resulted in gifts upon which the Code imposes gift tax, thereby requiring decedent

---

[8]As pertinent here, sec. 301.6501(c)-1(f)(4), Proced. & Admin. Regs., provides the following two rules for determining whether an item is "disclosed in such [gift tax] return, or in a statement attached to the [gift tax] return, in a manner adequate to apprise the Secretary of the nature of such item" within the meaning of sec. 6501(c)(9):  (1) "Completed transfers to members of the transferor's family * * * that are made in the ordinary course of operating a business are deemed to be adequately disclosed * * *, even if the transfer is not reported on a gift tax return, provided the transfer is properly reported by all parties for income tax purposes." (2) "[A]ny other completed transfer that is reported, in its entirety, as not constituting a transfer by gift will be considered adequately disclosed" only if certain specified information is provided in, or attached to, a gift tax return filed for the period in which the transfer occurred.

**[*10]** to have reported those gifts in her 2004 gift tax return; and (2) whether the December 1, 2006 transfer resulted in gifts upon which the Code imposes gift tax, thereby requiring decedent to have filed a gift tax return for her taxable year 2006 in which she reported those gifts. To resolve those questions relating to the statute of limitations issue, we necessarily must address the gift tax issue that petitioner raises in petitioner's motion. That is because (1) if the January 1, 2004 transfers did not result in gifts which were required to be reported in decedent's 2004 gift tax return and on which the Code imposes gift tax for decedent's taxable year 2004, and (2) if the December 1, 2006 transfer did not result in gifts which were required to be reported in a gift tax return for decedent's taxable year 2006 and on which the Code imposes gift tax for decedent's taxable year 2006, decedent would have no gift tax deficiencies for her taxable years 2004 and 2006.[9] As a result, the statute of limitations issue would be moot with respect to those years.[10]

---

[9]If decedent were to have no gift tax deficiencies for her taxable years 2004 and 2006, she would have no gift tax deficiency for her taxable year 2007. See supra note 6.

[10]If the statute of limitations issue were moot with respect to decedent's taxable years 2004 and 2006, it would be moot with respect to decedent's taxable year 2007. See supra note 6.

[*11] It is petitioner's position that the January 1, 2004 transfers[11] and the December 1, 2006 transfer did not result in gifts during decedent's taxable years 2004 and 2006, respectively, which decedent was required to report in gift tax returns, and on which the Code imposes gift tax, for those respective taxable years.[12]  Respondent disagrees.

Whether a transfer results in a gift upon which the Code imposes gift tax[13] is generally determined by comparing the fair market value of what is transferred to

---

[11]In addition to determining that the January 1, 2004 transfers resulted in a gift to each of the Lipschutz Trust and the Winkelman Trust because in each of those transfers a 20-percent income interest in BLW was exchanged for a note that was valued at less than the fair market value of that income interest, respondent also determined (below-market-loan gift determination) that each of the notes bore a below-market interest rate and therefore constituted a below-market loan under sec. 7872.  Petitioner claims that the notes did not constitute below-market loans because those notes "used the December 2003 short-term federal rate of 1.68% per annum".  There is no evidence in the record that establishes the rate at which each of the notes bore interest.  In addition, petitioner fails to present any argument as to why 1.68 percent per annum is the appropriate measure of a market rate of interest for purposes of determining whether each of the notes constituted a below-market loan within the meaning of sec. 7872.  On the record, we conclude that petitioner is not entitled to summary judgment with respect to the below-market-loan gift determination.

[12]See supra note 9.

[13]Sec. 2501(a) generally imposes gift tax for each calendar year on the transfer of property by gift during such year by an individual.  Sec. 2512(b) provides:  "Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall be deemed a gift".

**[\*12]** the fair market value of what is received in exchange therefor.[14]  See sec. 2512(b); CTUW Georgia Ketteman Hollingsworth v. Commissioner, 86 T.C. 91, 96-98 (1986).  "[A] transfer to a partnership for less than full and adequate consideration may represent an indirect gift to the other partners." Shepherd v. Commissioner, 115 T.C. 376, 389 (2000), aff'd, 283 F.3d 1258 (11th Cir. 2002).

The parties dispute, and the record does not establish, the respective fair market values of the respective 20-percent income interests in BLW that decedent transferred to the Lipschutz Trust and the Winkelman Trust on January 1, 2004.  As a result, the parties dispute, and the record does not establish, whether the fair market value of each of the notes that decedent received in the January 1, 2004 transfers equaled the fair market value of each of the income interests that she transferred.  The parties also dispute, and the record also does not establish, whether decedent received full and adequate consideration in exchange for the December 1, 2006 transfer.

---

[14]The fair market value of property is defined as the price at which that property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of the relevant facts. United States v. Cartwright, 411 U.S. 546, 551 (1973); sec. 25.2512-1, Gift Tax Regs.  The determination of fair market value is a question of fact. See CTUW Georgia Ketteman Hollingsworth v. Commissioner, 86 T.C. 91, 98 (1986).

[*13] Petitioner appears to argue that summary judgment should be granted in petitioner's favor with respect to the gift tax issue regardless (1) whether the fair market value of each of the notes that decedent received in the January 1, 2004 transfers equaled the fair market value of each of the income interests that she transferred and (2) whether decedent received in the December 1, 2006 transfer full and adequate consideration for the $2,500,000 that she transferred. According to petitioner:

> Regardless of value, a transfer of property is not considered a taxable gift if the transfer is made in the ordinary course of business, even if the transfer is for less than adequate and full consideration. Treas. Reg. § 25.2512-8[15] * * *

> Accordingly, an arm's-length transaction that proves to be a bad bargain * * * is not a gift. Indeed the "ordinary course of business" exception is not limited to regularly recurring business transaction with customers. * * * The term includes all business-related transfers that are: (1) bona fide, (2) at arm's length, and (3) free from donative intent.

---

[15]Sec. 25.2512-8, Gift Tax Regs., provides that if a transfer of property occurs in the ordinary course of business, i.e., as part of a transaction which is bona fide, at arm's length, and free from any donative intent, it is deemed to have been made for an adequate and full consideration in money or money's worth. The determination of whether a transfer occurred in the ordinary course of business within the meaning of sec. 25.2512-8, Gift Tax Regs., is a question of fact.

**[\*14]** The parties dispute, and the record does not establish, that the January 1, 2004 transfers and the December 1, 2006 transfer were made in the ordinary course of business within the meaning of section 25.2512-8, Gift Tax Regs.

On the record, we find that there are genuine disputes of material fact in resolving the gift tax issue presented in petitioner's motion. We are thus unable to resolve that issue or the statute of limitations issue presented in petitioner's motion.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.[16]

On the record before us, we shall deny petitioner's motion.[17]

---

[16]Among the contentions and arguments of the parties that we have considered is petitioner's argument under sec. 6501(c)(9) and sec. 301.6501(c)-1(f)(4), Proced. & Admin. Regs., with respect to the statute of limitations issue. On the record, we find that there are genuine disputes of material fact in determining whether to accept or to reject that argument. See infra note 17.

[17]If the record and the law had allowed us to resolve the gift tax issue in petitioner's favor, the statute of limitations issue would have been moot. If the record and the law had allowed us to resolve the gift tax issue in respondent's favor, the statute of limitations issue would not have been moot. However, in that event, there would have been genuine disputes of material fact in resolving that issue in petitioner's favor. See supra note 16.

**[\*15]** To reflect the foregoing,

<u>An order denying petitioner's motion will be issued</u>.