T.C. Memo. 2013-74

UNITED STATES TAX COURT

JOLENE M. VILLAREALE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18616-11.                          Filed March 12, 2013.

<u>Joseph A. DiRuzzo, III</u>, for petitioner.

<u>Brandon S. Cline</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of $1,860 in

petitioner's Federal income tax for 2006.  The sole issue for decision is whether

petitioner is entitled to a $12,386 charitable contribution deduction for 2006.[1]

_____

[1]  Respondent concedes that $2,393 of petitioner's $12,386 claimed

(continued...)

**[\*2]**                                FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Florida at the time the petition was filed.

In May 2000 petitioner cofounded NDM Ferret Rescue & Sanctuary, Inc. (NDM).[2]  NDM is an animal rescue organization that specializes in rescuing ferrets.  During 2006 petitioner was NDM's president.  She was responsible for managing NDM's finances, including paying bills and managing its bank accounts.  Petitioner had physical and electronic access to NDM's checking account.

---

[1](...continued)
charitable contribution is deductible.  See infra p. 5.  All amounts are rounded to the nearest dollar.

[2]  Petitioner and her cofounder filed articles of incorporation for NDM with the secretary of state for the State of Florida on May 12, 2000, and registered NDM as a not-for-profit corporation pursuant to Fla. Sat. Ann. ch. 617 (West 2007).  Around March 2001 the Internal Revenue Service (IRS) granted NDM exempt status as a public charity under sec. 501(c)(3).  All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

**[\*3]**   During 2006 petitioner made 44 contributions to NDM totaling $10,022.[3]

The contributions were made in varying amounts; 27 contributions were for less

than $250 (totaling $2,393) and 17 were for $250 or more (totaling $7,629).

Petitioner made the contributions by electronically transferring the funds from her

personal bank account to NDM's bank account or by instructing the bank manager

via telephone to make the transfer.  After making the transfers, petitioner logged into

both her personal bank account and NDM's bank account to ensure the transfer

took effect.  The dates and amounts of the transfers are reflected in petitioner's and

NDM's bank statements.

Petitioner timely filed her 2006 Federal income tax return and claimed a

$12,386 charitable contribution deduction on her Schedule A, Itemized Deductions.

On May 13, 2011, respondent issued a notice of deficiency to petitioner disallowing

her claimed charitable contribution deduction for 2006.

## OPINION

In general, a taxpayer is entitled to deduct charitable contributions made

during the taxable year to or for the use of certain types of organizations.  Sec.

170(a)(1), (c).  A taxpayer is required to substantiate charitable contributions;

---

[3] The record contains no evidence regarding the remaining $2,364 of petitioner's claimed $12,386 charitable contributions.  See infra note 5.

**[*4]** records must be maintained. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. A cash contribution of less than $250 may be substantiated with a canceled check, a receipt, or other reliable evidence showing the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs.

Contributions of cash or property of $250 or more require the donor to obtain contemporaneous written acknowledgment of the donation from the donee.[4] Sec. 170(f)(8)(A). At a minimum, the contemporaneous written acknowledgment must contain a description of any property contributed, a statement as to whether any goods or services were provided in consideration, and a description and good-faith estimate of the value of any goods or services provided in consideration. Sec. 170(f)(8)(B). A written acknowledgment is contemporaneous if it is obtained by the taxpayer on or before the earlier of (1) the date on which the taxpayer files a return for the taxable year in which the contribution was made, or (2) the due date (including extensions) for filing such return. Sec. 170(f)(8)(C).

---

[4] A taxpayer who makes separate contributions of less than $250 to a donee organization during a taxable year is not required to obtain contemporaneous written acknowledgment even if the sum of the contributions is $250 or more. Sec. 1.170A-13(f)(1), Income Tax Regs.

**[*5]**   Respondent does not dispute that petitioner made the contributions of $10,022 to NDM,[5] nor does he question the legitimacy of NDM as a valid section 170(c) exempt organization.  Furthermore, respondent concedes that petitioner is entitled to deduct the contributions she made to NDM in amounts smaller than $250 (totaling $2,393).  However, respondent argues that petitioner is not entitled to deduct the contributions of $250 or more because none is substantiated by a contemporaneous written acknowledgment.  Petitioner argues that her and NDM's bank statements are sufficient to substantiate her contributions.  However, the bank statements do not qualify as contemporaneous written acknowledgments because they do not state whether petitioner received any goods or services in exchange for her contributions.  See sec. 170(f)(8)(B)(ii); Linzy v. Commissioner, T.C. Memo. 2011-264 (finding that receipt from charitable organization did not constitute contemporaneous written acknowledgment because it did not state whether taxpayer received any goods or services in exchange for her contribution).

We find it immaterial that petitioner was on both sides of the transaction and reject her contention that as the president of NDM "it would have been futile to issue herself a statement that expressly provided that no goods or services were

[5]  Because petitioner did not introduce any evidence regarding the remaining $2,364 of charitable contributions she claimed for 2006, we find that she has not met her burden of proof with respect to that amount.  See Rule 142(a)(1).

**[*6]** provided in exchange for her contributions." As the Court has previously recognized: "The essential statutory purpose of the contemporaneous written acknowledgment required by section 170(f)(8) is to assist taxpayers in determining the deductible amounts of their charitable contributions and to assist the Internal Revenue Service in processing tax returns on which charitable contribution deductions are claimed." Durden v. Commissioner, T.C. Memo. 2012-140. Although petitioner may not have needed a contemporaneous written acknowledgment to assist her in determining the deductible amounts of her charitable contributions, the IRS still needed it to assist in determining whether petitioner was entitled to the charitable contribution deduction she claimed.

Petitioner also argues that she should be entitled to deduct the full amount of her contributions to NDM because she substantially complied with the requirements of section 170. However, the doctrine of substantial compliance does not apply to excuse compliance with the substantiation requirements of section 170(f)(8)(B). Averyt v. Commissioner, T.C. Memo. 2012-198; Durden v. Commissioner, T.C. Memo. 2012-140. This Court has consistently held that the specific statement regarding whether goods or services were provided in consideration for the contributions, as required by section 170(f)(8)(B)(ii), is necessary for the allowance of a charitable contribution deduction. Durden v.

**[*7]** <u>Commissioner</u>, T.C. Memo. 2012-140; <u>Friedman v. Commissioner</u>, T.C. Memo. 2010-45; <u>Kendrix v. Commissioner</u>, T.C. Memo. 2006-9.  Thus, petitioner is not entitled to deduct the contributions to NDM of $250 or more.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.