T.C. Memo. 2015-217

UNITED STATES TAX COURT

MARIE BEAUBRUN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2790-13.                                     Filed November 16, 2015.

<u>Wayne Hartke</u>,[1] for petitioner.

<u>Kimberly A. Daigle</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a Federal income tax

deficiency of $16,362 and an accuracy-related penalty under section 6662(a)[2] of

---

[1]  Mr. Hartke submitted an entry of appearance on September 24, 2014, but did not appear at trial.

[2]  Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2] $3,404 for petitioner's 2009 taxable year. After concessions,[3] the issues for decision are: (1) whether petitioner is entitled to deductions for business expenses, tax preparation fees, charitable contributions, general sales taxes, and home mortgage interest[4] in amounts in excess of the amounts that respondent allowed; (2) whether petitioner is entitled to the American Opportunity Credit; and (3) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Florida at the time she filed her petition.

---

[2](...continued) Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3] Petitioner conceded that she failed to report gross receipts of $82,486 on Schedule C, Profit or Loss From Business, and is liable for self-employment tax. Respondent conceded that petitioner did not receive, and was therefore not required to report, other income of $84,680 and that petitioner is entitled to the self-employment tax deduction.

[4] While petitioner did not address the home mortgage interest deduction in her petition, we find that it was tried by consent. See Rule 41(b).

**[*3]** During 2009 petitioner was a self-employed visiting nurse. She provided in-home nursing services to patients who were assigned to her by two health care agencies (agencies). She was responsible for providing her own uniforms, gloves, and medical supplies for treating patients. Additionally, under the terms of her agreements with the agencies, petitioner was required to use her own car and maintain insurance on it. She purchased a Toyota Corolla in 2008 in order to fulfill this requirement. Having a car enabled petitioner to travel to patients' homes, carry her medical supplies, and transport patients as needed. She owned only one car in 2009. Petitioner had no other source of income in 2009.

Petitioner made donations to a church--Christian Life Restoration Center--in 2009. The donations were recorded in Christian Life Restoration Center's financial records. On or about September 15, 2014, Christian Life Restoration Center sent petitioner a letter certifying that she had made $3,230 in contributions to the church in 2009.

Petitioner took out a mortgage to purchase a home in 2006. During 2009 petitioner made payments of home mortgage interest totaling $14,252.16. Petitioner continues to reside in the home.

On March 15, 2010, petitioner and her husband timely filed a joint Form 1040, U.S. Individual Income Tax Return, for 2009. The Internal Revenue Service

**[\*4]** (IRS) selected petitioner's 2009 Form 1040 for examination. On November 2, 2012, the IRS issued petitioner a notice of deficiency. Petitioner timely petitioned this Court for redetermination.[5]

OPINION

I.    Deductions

As a general rule, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[6] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). A taxpayer must show entitlement to any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). When taxpayers establish that they have paid or incurred deductible expenses but are unable to

---

[5] Petitioner and her husband jointly filed the petition. However, the Court dismissed the petition for lack of jurisdiction insofar as it related to petitioner's husband because it was filed in violation of an automatic stay under 11 U.S.C. sec. 362(a)(8) (2006).

[6] Sec. 7491(a) provides that if, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtit. A or B, the Secretary shall have the burden of proof with respect to such issue. Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). However, petitioner has neither claimed nor shown that she satisfied the requirements of sec. 7491(a) to shift the burden of proof to respondent. Accordingly, petitioner bears the burden of proof. See Rule 142(a).

[*5] substantiate the exact amounts, we can estimate the deductible amount in some circumstances, but only if the taxpayers present sufficient evidence to establish a rational basis for making the estimate.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  In estimating the amount allowable, we bear heavily upon taxpayers whose inexactitude is of their own making.  See Cohan v. Commissioner, 39 F.2d at 544.  There must be sufficient evidence in the record, however, to permit us to conclude that a deductible expense was paid or incurred. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

A.    Business Expenses

Petitioner argues that she is entitled to deductions for business expenses of $28,654 because they were ordinary and necessary expenses for her trade or business as a visiting nurse.  Respondent argues that petitioner is not entitled to deductions for any business expenses because she failed to adequately substantiate the expenses underlying her claimed deductions.

A taxpayer may deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, sec. 162(a), but the taxpayer must maintain sufficient records to substantiate the expenses claimed, sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  To be a trade or business expense

[*6] the expenditure must be "directly connected with or pertaining to the taxpayer's trade or business". Sec. 1.162-1(a), Income Tax Regs. Generally, taxpayers may not deduct personal, living, or family expenses. Sec. 262(a). Therefore, taxpayers must prove to what extent their expenses were incurred for business rather than personal purposes. See Michaels v. Commissioner, 53 T.C. 269, 275 (1969). To be "ordinary" an expense must be of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940). To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, 290 U.S. at 113.

Section 274(d) provides heightened substantiation requirements for certain business expenses. Section 274(d) requires proof of the date, amount, and business purpose of each use or expenditure. See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). The rules of substantiation provided by section 274(d) supersede the Cohan doctrine. See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

**[\*7]**          1.          Automobile Expenses

The strict substantiation requirements of section 274(d) apply to use of and expenses related to passenger automobiles.  Secs. 274(d)(4), 280F(d)(4)(A)(i).

Although we are satisfied that petitioner used the Toyota Corolla during 2009 at least partially for business purposes, we cannot allow a deduction for any of her automobile expenses.  The Toyota Corolla was a passenger automobile,[7] and related expenses were therefore subject to the strict substantiation requirements of section 274(d).  See secs. 274(d)(4), 280F(d)(4)(A)(i).  Petitioner did not keep a diary, a log, trip sheets, or a similar record regarding the business use of the Toyota Corolla, nor did she establish the time and place of its use.  See secs. 274(d)(4), 280F(d)(4)(A)(i); sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Furthermore, petitioner has made no attempt to segregate the use of the Toyota Corolla for business purposes from its use for personal purposes.  See Michaels v. Commissioner, 53 T.C. at 275.  The evidence in the record provides no factual basis upon which to estimate the business component of her automobile expenses; and in any event, the Court lacks discretion to make such an estimate.

_____

[7] Petitioner has not argued that the Toyota Corolla was not a passenger automobile as defined by sec. 280F(d)(5)(A).  In addition, petitioner has not argued for the application of the exception provided by sec. 280F(d)(5)(B).

[*8] See Sanford v. Commissioner, 50 T.C. at 827-828; sec. 1.274-5T, Temporary Income Tax Regs., supra.

Petitioner did not substantiate any of her automobile expenses in accordance with the requirements of sections 162 and 274 and the regulations thereunder. Accordingly, we sustain respondent's disallowance of a deduction for petitioner's automobile expenses.

## 2. Cellular Phone Expenses

Cellular phone expenses petitioner incurred are subject to the requirements of section 274(d). See secs. 274(d)(4), 280F(d)(4)(A)(v). Petitioner did not substantiate the amounts, dates, and business purpose of her cellular phone use. Additionally, she did not segregate the use of the cellular phone for business purposes from its use for personal purposes. As petitioner has not satisfied the requirements of sections 162 and 274(d), respondent's determination regarding petitioner's cellular phone expense deduction is sustained.

## 3. Other Business Expenses

Petitioner deducted several other business expenses, including license renewal fees, uniforms, medical supplies, a background check, and a physical examination. Petitioner did not provide any evidence to substantiate the amounts of these expenses. Without such evidence, we cannot employ the Cohan doctrine

**[*9]** to estimate petitioner's other business expenses.  See <u>Vanicek v. Commissioner</u>, 85 T.C. at 742-743.  Accordingly, respondent's determination regarding petitioner's deduction for other business expenses is sustained.

    B.    <u>Tax Preparation Fees</u>

Petitioner argues that she is entitled to a deduction of $400 for tax preparation fees.  Respondent argues that petitioner is not entitled to a deduction for tax preparation fees because she has failed to provide adequate substantiation.

A taxpayer may deduct ordinary and necessary expenses incurred in connection with the determination, collection, and refund of taxes.  <u>See</u> sec. 212(3).  Such deductible expenses include expenses incurred in connection with the preparation of tax returns.  <u>See</u> sec. 1.212-1(1), Income Tax Regs.  Petitioner did not provide adequate evidence to substantiate the amount of such expenses. Without such evidence, we cannot employ the <u>Cohan</u> doctrine to estimate petitioner's tax preparation fees, <u>see</u> <u>Vanicek v. Commissioner</u>, 85 T.C. at 742-743, nor can petitioner satisfy her burden of proof, <u>see</u> <u>Welch v. Helvering</u>, 290 U.S. at 115.  Accordingly, respondent's determination regarding petitioner's tax preparation fees deduction is sustained.

**[*10]** C.　　Charitable Contributions

　　Petitioner argues that she is entitled to a deduction of $10,026 for charitable contributions. Respondent argues that petitioner is not entitled to deduct any of her reported charitable contributions because they have not been sufficiently substantiated.

　　In general, a taxpayer is entitled to deduct charitable contributions made during the taxable year to or for the use of certain types of organizations. Sec. 170(a)(1), (c). A taxpayer is required to substantiate charitable contributions; records must be maintained. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. A cash contribution of less than $250 may be substantiated with a canceled check, a receipt, or other reliable evidence showing the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs. Contributions of cash or property of $250 or more generally require the donor to obtain a contemporaneous written acknowledgment of the donation from the donee.[8] Sec. 170(f)(8)(A); Villareale v. Commissioner, T.C. Memo. 2013-74. At a minimum, the contemporaneous written acknowledgment must contain a

---

[8] A taxpayer who makes separate contributions of less than $250 to a donee organization during a taxable year is not required to obtain contemporaneous written acknowledgments even if the sum of the contributions is $250 or more. Sec. 1.170A-13(f)(1), Income Tax Regs.

[*11] description of any property contributed, a statement as to whether any goods or services were provided in consideration by the donee, and a description and good-faith estimate of the value of any goods or services provided in consideration. Sec. 170(f)(8)(B). A written acknowledgment is contemporaneous if it is obtained by the taxpayer on or before the earlier of (1) the date on which the taxpayer files a return for the taxable year in which the contribution was made, or (2) the due date (including extensions) for filing such return. Sec. 170(f)(8)(C).

Respondent does not question that Christian Life Restoration Center is a valid section 170(c) exempt organization. In 2009 petitioner made a donation of $150 to Christian Life Restoration Center that was sufficiently substantiated by a canceled check and a written statement from the organization. Because that donation was for less than $250, a contemporaneous written acknowledgment is not required. Therefore, petitioner is entitled to a $150 charitable contribution deduction.

Petitioner argues that her canceled checks for donations of $250 or more and the written statement from Christian Life Restoration Center are sufficient to substantiate the remainder of her contributions. We disagree. The canceled checks do not qualify as contemporaneous written acknowledgments because they do not state whether petitioner received any goods or services in exchange for her

[*12] contributions.  See sec. 170(f)(8)(B)(ii); Linzy v. Commissioner, T.C. Memo. 2011-264 (finding that receipt from charitable organization did not constitute contemporaneous written acknowledgment because it did not state whether taxpayer received any goods or services in exchange for her contribution).  Additionally, the written statement from Christian Life Restoration Center does not qualify as a contemporaneous written statement because it was written more than four years after petitioner's tax return had been filed.  See sec. 170(f)(8)(C). We therefore sustain respondent's disallowance of petitioner's claimed charitable contribution deduction for amounts exceeding the properly substantiated $150 donation.

D.    General Sales Tax

Petitioner argues that she is entitled to a general sales tax deduction of $2,056.  Respondent argues that petitioner has failed to substantiate her claimed deduction.[9]

_____

[9] Respondent concedes that petitioner is entitled to a deduction on Schedule A, Itemized Deductions, for general sales tax based on the "Optional Sales Tax Tables".  See sec. 164(b)(5)(H); see also Figures v. Commissioner, T.C. Memo. 2012-296.  Because petitioner's sales tax deduction will be based, in part, on her 2009 adjusted gross income (taking into account the parties' concessions and our findings and holdings herein), the actual amount of petitioner's deduction will be determined pursuant to the parties' Rule 155 computations.

**[*13]** Section 164(a)(3) allows a deduction for State and local income taxes paid or accrued during the taxable year. However, section 164(b)(5)(A) provides that a taxpayer may elect to deduct State and local general sales taxes in lieu of State and local income taxes. Petitioner has not provided any evidence that would substantiate her entitlement to a $2,056 general sales tax deduction. Therefore, petitioner may deduct general sales taxes only to the extent provided by the optional sales tax tables. See sec. 164(b)(5)(H).

### E.     Mortgage Interest

Petitioner argues that she is entitled to a mortgage interest deduction of $14,252.16. Respondent argues that petitioner has not adequately substantiated her entitlement to a mortgage interest deduction.

Section 163(h)(1) generally disallows a deduction for personal interest. An exception to this rule is qualified residence interest. Sec. 163(h)(2)(D). Qualified residence interest includes interest paid or accrued during the taxable year on acquisition indebtedness. Sec. 163(h)(3)(A). Acquisition indebtedness means any indebtedness that is incurred in acquiring, constructing, or substantially improving any qualified residence of the taxpayer and is secured by the residence. Sec. 163(h)(3)(B)(i). A qualified residence includes the principal residence of the taxpayer. Sec. 163(h)(4)(A).

**[*14]** We find petitioner's canceled checks, corroborated by the loan refinance summary, the foreclosure judgment, the deed to the property, and petitioner's testimony, to be credible evidence of the amount that petitioner paid for home mortgage interest. Accordingly, we conclude that petitioner has substantiated $14,252.16 for this expense and is entitled to a home mortgage interest deduction in that amount.

## II.     American Opportunity Credit

Tax credits are a matter of legislative grace, and a taxpayer bears the burden of proving her entitlement to a claimed tax credit. See Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The American Opportunity Credit is a modified version of the Hope Scholarship Credit and is in effect for tax years 2009 to 2018. Sec. 25A(i). The American Opportunity Credit provides for a credit against tax equal to "(A) 100 percent of so much of the qualified tuition and related expenses paid by the taxpayer during the taxable year * * * as does not exceed $2,000, plus (B) 25 percent of such expenses so paid as exceeds $2,000 but does not exceed $4,000." Sec. 25A(i)(1). The credit phases out for taxpayers whose modified adjusted gross income exceeds $80,000, or $160,000 for married taxpayers filing joint returns. Sec. 25A(i)(4). In addition, up to 40% of this credit may be refundable. Sec. 25A(i)(5). Petitioner offered no evidence indicating that

**[*15]** she paid any tuition and related expenses in 2009. As a result, petitioner is not entitled to the American Opportunity Credit.

III.   Accuracy-Related Penalty

Respondent argues that petitioner is liable for an accuracy-related penalty under section 6662(a) and (b)(1) and (2) for either negligence or disregard of rules or regulations or for a substantial understatement of income tax. Petitioner argues that she should not be held liable for an accuracy-related penalty because she has acted with reasonable cause and in good faith.

Pursuant to section 6662(a), a taxpayer may be liable for a penalty of 20% on the portion of an underpayment of tax attributable to: (1) negligence or disregard of rules or regulations or (2) a substantial understatement of income tax. Sec. 6662(b)(1) and (2). Whether applied because of a substantial understatement of income tax or negligence or disregard of rules or regulations, the accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs.

**[*16]** The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Internal Revenue Code and any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

The term "understatement" means the excess of the amount of tax required to be shown on a return over the amount of tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)). Sec. 6662(d)(2)(A). Generally, an understatement is a "substantial understatement" when the understatement exceeds the greater of $5,000 or 10% of the amount of tax required to be shown on the return. Sec. 6662(d)(1)(A).

The Commissioner has the burden of production with respect to the accuracy-related penalty. Sec. 7491(c). To meet this burden, the Commissioner must produce sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. at 446. Once the Commissioner

**[*17]** meets this burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. Rule 142(a); see Higbee v. Commissioner, 116 T.C. at 447. The taxpayer may meet this burden by proving that he or she acted with reasonable cause and in good faith with respect to the underpayment. See sec. 6664(c)(1); see also Higbee v. Commissioner, 116 T.C. at 447; sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent satisfied his burden of production with regard to negligence. Respondent established that petitioner: (1) did not substantiate several items properly and (2) failed to properly report self-employment income. Petitioner has not come forward with sufficient evidence that respondent's determination is incorrect. Accordingly, we hold that petitioner is liable for a section 6662(a) accuracy-related penalty, which the parties shall compute in their Rule 155 calculations.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered under

Rule 155.