T.C. Summary Opinion 2017-83

UNITED STATES TAX COURT

WESLEY G. FLEMING AND JEANA L. THOMPSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

CHARLOTTE L. THOMPSON, Petitioner v. COMMISSIONER
OF INTERNAL REVENUE, Respondent

Docket Nos. 10772-13S, 10860-13S.          Filed November 9, 2017.

K. Edward Sexton II and Terry D. Turner, Jr., for petitioners.

Edwin B. Cleverdon and Thomas Alan Friday, for respondent.

SUMMARY OPINION

VASQUEZ, Judge:  These consolidated cases were heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

With respect to petitioners Wesley G. Fleming and Jeana L. Thompson, respondent determined deficiencies in Federal income tax and accuracy-related penalties under section 6662(a) as follows:

| Year | Deficiency | Accuracy-related penalty sec. 6662(a) |
|------|------------|----------------------------------------|
| 2009 | $17,735 | $3,523.80 |
| 2010 | 24,066 | 4,813.20 |
| 2011 | 20,417 | 4,083.40 |

With respect to petitioner Charlotte L. Thompson, respondent determined deficiencies in Federal income tax and accuracy-related penalties under section 6662(a) as follows:

| Year | Deficiency | Accuracy-related penalty sec. 6662(a) |
|------|------------|----------------------------------------|
| 2009 | $6,396 | $1,279.20 |
| 2010 | 15,149 | 3,029.80 |

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issues for decision are whether: (1) petitioners Jeana L. Thompson and Charlotte Thompson (Thompson sisters) are entitled to treat certain expenses pertaining to their jointly owned limited liability company as costs of goods sold and/or section 162 deductions beyond those already allowed by respondent; (2) petitioners substantiated certain charitable contribution deductions claimed on the LLC's partnership returns; and (3) petitioners are liable for section 6662(a) accuracy-related penalties.

## Background

Some of the facts are stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioners resided in Alabama when they filed their petitions.

The Thompson sisters are coowners of Sisters Too LLC (LLC). The LLC operates Bella Bridesmaids, a franchise boutique that sells bridal gowns and wedding accessories. Before forming the LLC in 2007, the Thompson sisters

---

[2] Petitioners conceded all adjustments in the notices of deficiency with the exception of the adjustments on Schedules E, Supplemental Income and Loss, attributable to the disallowed deductions at issue. On brief respondent conceded that petitioners were entitled to pro rata shares of additional charitable contribution deductions of $127.94, $200, and $50 for 2009, 2010, and 2011, respectively. As we discuss infra, the parties disagree about whether petitioners have conceded sec. 6662(a) accuracy-related penalties attributable to the Schedule E adjustments.

never owned a business. They have no background in accounting or tax matters. During the taxable years in issue the Thompson sisters used a business credit card account to pay many of the LLC's expenses.

The Thompson sisters hired Bo Young, a certified public accountant, to do their bookkeeping and prepare their tax returns. In addition to preparing petitioners' individual returns, Mr. Young prepared the LLC's Forms 1065, U.S. Return of Partnership Income, for 2009, 2010, and 2011 (years in issue).[3] On its partnership returns the LLC reported costs of goods sold (COGS) of $428,370, $452,151.43, and $585,170 for 2009, 2010, and 2011, respectively. The LLC also claimed deductions for insurance expenses, "other expenses", computer expenses, automobile and truck expenses, utilities, and telephone expenses.

In the notices of deficiency, respondent made downward adjustments to the LLC's COGS and the above-listed deductions. Petitioners concede all adjustments to the LLC's partnership returns except for those to COGS.

Respondent determined that only portions of the claimed COGS were allowable as such. However, respondent allowed the LLC to claim portions of the

---

[3] The LLC is treated as a partnership for Federal income tax purposes. For the years in issue the LLC had fewer than 10 partners, each of whom was an individual, and there is no indication that an election was made under sec. 6231(a)(1)(B)(ii). Accordingly, the LLC was a small partnership under sec. 6231(a)(1)(B), and secs. 6221 to 6234 do not apply.

disallowed COGS as other types of deductible expenses. The parties stipulated the following chart, which sets out the amounts (1) originally claimed by the LLC as COGS and (2) allowed by respondent as COGS or deductible trade or business expenses:

| Item | 2009 | 2010 | 2011 |
|---|---|---|---|
| COGS reported on return | $428,370.00 | $452,151.43 | $585,170.00 |
| Allowed as COGS | 329,047.31 | 345,251.13 | 377,785.13 |
| Allowed as travel | 4,295.35 | -- | -- |
| Allowed as meals[1] | 408.19 | 1,893.12 | 1,598.20 |
| Allowed as cell phone | 243.98 | -- | -- |
| Allowed as other | 23,942.52 | -- | -- |
| Allowed as gas/auto | 2,617.93 | 2,298.50 | 2,821.30 |
| Allowed as lodging | -- | 1,600.65 | -- |
| Allowed as airline | -- | 2,162.31 | -- |
| Allowed as taxi | -- | 82.62 | -- |
| Allowed as education | -- | 31.95 | 40.00 |
| Allowed as prof. services | -- | 680.72 | 540.90 |
| Allowed as misc. services | -- | 8,462.67 | 10,468.97 |
| Allowed as retail | -- | 24,646.15 | 6,549.93 |
| Allowed as groceries | -- | 531.41 | 214.70 |
| Allowed as misc. | -- | 118.95 | 706.03 |
| Allowed as misc. (AMEX) | -- | -- | 76,355.44 |
| Allowed as cash advance | -- | -- | 39.00 |
| Allowed as ticket/event | -- | -- | 813.60 |
| Total allowed | 360,555.28 | 387,760.18 | 477,933.20 |
| Total disallowed | 67,814.72 | 64,391.25 | 107,236.80 |

[1] Allowances for meals take into account the 50% limitation under sec. 274(n).

In addition to the above adjustments, respondent determined that petitioners Jeana Thompson and Wesley G. Fleming were liable for section 6662(a) accuracy-

related penalties for the years in issue.[4]  Respondent also determined that Charlotte Thompson was liable for section 6662(a) accuracy-related penalties for 2009 and 2010.  Mr. Fleming and Jeana Thompson timely petitioned this Court for redetermination, as did Charlotte Thompson.

## Discussion

### I.  Burden of Proof

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Sec. 7491(a) shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if the taxpayer meets certain preliminary conditions.  See Higbee v. Commissioner, 116 T.C. 438, 442-443 (2001).

The parties disagree about whether the burden of proof should be shifted to respondent under section 7491(a).  We need not resolve this dispute because our conclusions in these cases are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial.  See Knudsen v.

---

[4]  The notice of deficiency for Mr. Fleming and Jeana Thompson made several adjustments to their joint returns unrelated to the LLC.  Mr. Fleming and Jeana Thompson have not disputed these adjustments.

Commissioner, 131 T.C. 185, 189 (2008); Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

## II.    COGS and Section 162 Deductions

Respondent disallowed $67,814.72, $64,391.25, and $107,236.80 of the LLC's reported COGS for 2009, 2010, and 2011, respectively.  Petitioners argue that these amounts constitute either COGS or deductible trade or business expenses under section 162.  Respondent contends that petitioners have not substantiated these expenses.  We sustain respondent's determination for the following reasons.

Section 162 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred by the taxpayer in carrying on a trade or business; but personal, living, or family expenses are not deductible.  Secs. 162(a), 262.  Whether an expense is deductible pursuant to section 162 is a question of fact to be decided on the basis of all relevant facts and circumstances.  Cloud v. Commissioner, 97 T.C. 613, 618 (1991) (citing Commissioner v. Heininger, 320 U.S. 467, 473-475 (1943)).

COGS is an adjustment to gross income and is computed with proper adjustment for opening and closing inventories for the year.  See secs. 1.61-3(a), 1.162-1(a), Income Tax Regs.  Technically, it is not treated as a deduction from

gross income, and it is not subject to the limitations on deductions in sections 162 and 274.  See Metra Chem Corp. v. Commissioner, 88 T.C. 654, 661 (1987); B.C. Cook & Sons, Inc. v. Commissioner, 65 T.C. 422, 428 (1975), aff'd per curiam, 584 F.2d 53 (5th Cir. 1978); secs. 1.61-3(a), 1.162-1(a), 1.471-3, Income Tax Regs.

A taxpayer is required to maintain records sufficient to substantiate deductions and COGS claimed on her return.  See sec. 6001; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); sec. 1.6001-1(a), Income Tax Regs; see also Higbee v. Commissioner, 116 T.C. at 440; Rodriguez v. Commissioner, T.C. Memo. 2009-22; Said v. Commissioner, T.C. Memo. 2003-148, aff'd, 112 Fed. Appx. 608 (9th Cir. 2004).  If the taxpayer can establish that she paid or incurred a deductible expense but cannot substantiate the precise amount, the Court may approximate the deductible amount of the expense (Cohan rule).  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, the taxpayer must present sufficient evidence to establish a rational basis for making the estimate. See id.; Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  The Cohan rule applies to COGS.  See Goldsmith v. Commissioner, 31 T.C. 56, 62 (1958).

For certain kinds of business expenses, section 274(d) overrides the Cohan rule.  See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per

curiam, 412 F.2d 201 (2d Cir. 1969). Section 274(d) provides that no deduction is allowed with respect to travel, entertainment, or listed property (as defined in section 280F(d)(4)) unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense or item; (2) the time and place of the travel, entertainment, or expense; (3) the business purpose of the entertainment or expense; and (4) the business relationship to the taxpayer of the person or persons entertained.

To substantiate the expenses at issue, petitioner Charlotte Thompson testified generally about the nature of the LLC's expenses. Petitioners also submitted worksheets summarizing the LLC's credit card expenses for each year in issue and categorizing them as either "allowed" or "disallowed" by respondent. However, neither the worksheets nor Charlotte Thompson's testimony supports a factual finding favorable to petitioners on this issue. For instance, petitioners' worksheets summarize the LLC's 2009 expenses as follows:

| Description | Amount | Allowed | Disallowed |
|---|---|---|---|
| Office | $14,117.45 | $2,224.77 | $11,892.68 |
| Charity | 867.94 | 50.00 | 817.94 |
| Specialized | 12,661.65 | 1,284.97 | 11,376.68 |
| Travel | 11,235.06 | 4,024.27 | 7,210.79 |
| Designer-COGS | 23,809.11 | 19,295.79 | 4,513.32 |
| Auto-fuel | 6,554.61 | 3,332.56 | 3,222.05 |
| Meals-entertainment | 7,718.93 | 35.97 | 7,682.96 |
| Total | 76,964.75 | 30,248.33 | 46,716.42 |

The total amount of business expenditures petitioners claimed for the LLC at trial for 2009 was $76,964.75.  Inexplicably, this amount is significantly less than the $360,555.28 that respondent allowed as either COGS or section 162 expenses.  Expenditures for the other years in issue have the same problem.  For 2010 respondent allowed $387,760.18, while petitioners' worksheets show total claimed business expenditures of only $94,039.14.  For 2011 respondent allowed $477,933.20, while petitioners' worksheets show total claimed business expenditures of $86,344.65.  The record contains no testimony or other evidence explaining these discrepancies, and petitioners did not address them on brief.  Because respondent's allowances exceed the amounts petitioners claimed at trial, it is difficult to discern what particular expenses remain in dispute.

The absence of the LLC's partnership returns from the record further complicates this task.  From the notices of deficiency we know that the LLC

claimed deductions for insurance expenses, "other expenses", computer expenses, automobile and truck expenses, utilities expenses, and telephone expenses for each year in issue. We also know that respondent made downward adjustments to these deductions. However, because we are unable to review the LLC's partnership returns, we do not know what amounts, if any, respondent allowed.

Although petitioners attempted to dispel this problem by listing on the worksheets amounts that respondent purportedly allowed, many of the numbers therein conflict with facts petitioners stipulated. For instance, petitioners' worksheets for 2009 indicate that respondent allowed the LLC a deduction of only $35.97 for meal and entertainment expenses. However, the parties stipulated that for 2009 respondent allowed a meal expense deduction of $408.19. For 2011 petitioners' worksheets indicate that respondent allowed a deduction of $4,977.69 for "specialized" expenses, most of which were retail purchases. However, the stipulation of facts shows an allowance of $6,549.93 for retail purchases. Discrepancies like these make it incredibly difficult, if not impossible, to distinguish expenses respondent has already allowed from those that remain at issue. We therefore lack a reasonable basis for estimating the LLC's expenses

under the Cohan rule.[5]  See Cohan v. Commissioner, 39 F.2d at 543-544; Vanicek

v. Commissioner, 85 T.C. at 742-743.  Accordingly, we hold that petitioners are

not entitled to flowthrough COGS or section 162 deductions in excess of what

respondent has already allowed.

III.    Charitable Contributions

We next determine whether petitioners are entitled to deductions for the

LLC's charitable contributions in amounts greater than respondent allowed.

Section 170(a) allows a taxpayer a deduction for any charitable contribution

made in compliance with the statute.  In order to deduct a charitable contribution,

a taxpayer must establish that a gift was made to a qualified entity organized and

operated exclusively for an exempt purpose, no part of the net earnings of which

inures to the benefit of any private individual.  Sec. 170(c)(2); McGahen v.

Commissioner, 76 T.C. 468, 481-482 (1981), aff'd without published opinion, 720

F.2d 664 (3d Cir. 1983).  Qualified entities under section 170 are generally

organizations that qualify for an exemption under section 501(c)(3).  See, e.g.,

---

[5]  Even if we had a reasonable basis for making estimates, sec. 274 would preclude us from allowing deductions the LLC claimed for travel, meal, entertainment, automobile, and fuel expenses.  See secs. 274(d), 280F(d)(4); sec. 1.274-2(b)(1)(i), Income Tax Regs.; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  While petitioners' worksheets specify the amounts, dates, and locations of the expenditures, they are silent as to their business purposes and any relevant business relationships.

Dew v. Commissioner, 91 T.C. 615, 623-624 (1988); Taylor v. Commissioner, T.C. Memo. 2000-17.

A taxpayer may deduct "out-of-pocket transportation expenses necessarily incurred in performing donated services". Sec. 1.170A-1(g), Income Tax Regs. However, section 170(j) provides that no deduction is allowed "for traveling expenses (including amounts expended for meals and lodging) while away from home, whether paid directly or by reimbursement, unless there is no significant element of personal pleasure, recreation, or vacation in such travel." As this Court has stated: "[T]ravel expenditures which include a substantial, direct, personal benefit, in the form of a vacation or other recreational outing, are not deductible." Tafralian v. Commissioner, T.C. Memo. 1991-33; see also Babilonia v. Commissioner, 681 F.2d 678, 679 (9th Cir. 1982), aff'g T.C. Memo. 1980-207.

A taxpayer is required to substantiate charitable contributions; records must be maintained. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. A cash contribution of less than $250 may be substantiated with a canceled check, a receipt, or other reliable evidence showing the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs. Contributions of cash or property of $250 or more generally require the donor to obtain a contemporaneous written acknowledgment (CWA) of the

donation from the donee.[6]  Sec. 170(f)(8)(A); <u>Villareale v. Commissioner</u>, T.C. Memo. 2013-74.  At a minimum, the CWA must contain a description of any property contributed, a statement as to whether any goods or services were provided in consideration by the donee, and a description and good-faith estimate of the value of any goods or services provided in consideration.  Sec. 170(f)(8)(B).  A written acknowledgment is contemporaneous if it is obtained by the taxpayer on or before the earlier of (1) the date on which the taxpayer files a return for the taxable year in which the contribution was made, or (2) the due date (including extensions) for filing such a return.  Sec. 170(f)(8)(C).

For 2009 petitioners contend that they are entitled to claim pro rata shares of a flowthrough charitable contribution deduction of $817.94.[7]  After a thorough review of the record, we hold that petitioners may deduct $167.94, comprising respondent's concession of $127.94 and a payment of $40 to a local chapter of the Junior League.  However, petitioners may not deduct a $650 payment to VSA Arts

[6]  A taxpayer who makes separate contributions of less than $250 to a donee organization during a taxable year is not required to obtain CWAs even if the sum of the contributions is $250 or more.  Sec. 1.170A-13(f)(1), Income Tax Regs.

[7]  A partnership computes its taxable income without the deduction for charitable contributions provided for in sec. 170.  Sec. 703(a)(2)(C).  Nevertheless, each partner takes into account her distributive share of the partnership's charitable contributions.  Sec. 702(a)(4).

of Alabama because the record does not contain a CWA from the donee organization.

For 2010 petitioners contend that they are entitled to claim pro rata shares of a flowthrough charitable deduction of $887. Respondent concedes, and we so hold, that petitioners may deduct a $200 donation to Camp Smile-a-Mile. However, petitioners cannot deduct payments of $262 to My Sister's Closet and $425 to VSA Arts of Alabama because the record does not contain CWAs from the donee organizations.

For 2011 petitioners contend that they are entitled to claim pro rata shares of a flowthrough charitable deduction of $3,237.11. Respondent concedes, and we so hold, that petitioners may deduct a $50 donation to The First Tee. However, petitioners cannot deduct the remainder of the LLC's claimed charitable contributions, which consist of travel and other expenditures pertaining to a trip to South Africa. Although we credit Charlotte Thompson's testimony that the LLC donated several dresses to a "local township" there, petitioners did not provide testimony or other evidence establishing that the "local township" was an organization eligible to receive tax-deductible contributions. Furthermore, petitioners failed to establish that their visiting South Africa involved "no significant element of personal pleasure, recreation, or vacation in such travel."

See sec. 170(j). We therefore hold that petitioners are not entitled to charitable contribution deductions for their expenditures pertaining to the trip to South Africa.

IV.    Section 6662(a)

We next determine whether petitioners are liable for section 6662(a) accuracy-related penalties.[8]  Section 6662(a) and (b)(1) authorizes the Commissioner to impose a 20% penalty on the portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard. See sec. 6662(c); sec. 1.6662-3(b)(1) and (2), Income Tax Regs. "'Negligence' also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly." Sec. 1.6662-3(b)(1), Income Tax Regs.

---

[8] Petitioners did not explicitly address the sec. 6662(a) accuracy-related penalties in their petitions. However, at a hearing on June 9, 2015, respondent's counsel informed the Court that the parties "narrowed the issue to one of cost of goods sold, substantiation and the [accuracy-related] penalties." Thus, we find the issue was tried by consent. See Rule 41(b). The parties disagree about whether petitioners' counsel later conceded the penalties. Because we hold for respondent on the merits, we need not decide whether a concession was made.

The accuracy-related penalty does not apply with respect to any portion of the underpayment for which the taxpayer shows that there was reasonable cause and that she acted in good faith. See sec. 6664(c)(1). The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id. Reliance on a tax professional demonstrates reasonable cause when a taxpayer (1) selects a competent tax adviser, (2) supplies the adviser with necessary and accurate information, and (3) relies in good faith on the adviser's professional judgment. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

The Commissioner bears the burden of production with respect to the taxpayer's liability for the section 6662(a) penalty and must produce sufficient evidence indicating that it is appropriate to impose the penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446-447. Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence

that the Commissioner's determination is incorrect or that the taxpayer had reasonable cause for the position. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446-447.

Respondent met his burden of production in establishing the appropriateness of the penalty; petitioners incorrectly characterized a number of trade or business expenses as COGS on the LLC's returns. Petitioners were also unable to substantiate significant amounts of the LLC's purported expenses.

Petitioners have not proven they had reasonable cause for their return positions. At trial Ms. Thompson testified that petitioners' return preparer calculated the LLC's COGS using receipts and credit card statements that the Thompson sisters had provided him for each year in issue. However, because the receipts and credit card statements are not in the record, we cannot conclude that petitioners provided necessary and accurate information to their return preparer. We therefore hold that petitioners are liable for the section 6662(a) accuracy-related penalties.

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing and the parties' concessions,

<u>Decisions will be entered under Rule 155</u>.